UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| KEVIN L. STAMPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-00025 |
| | ) | Judge Campbell/Brown |
| CAROLYN JORDAN, *et al.*, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**To: The Honorable Todd Campbell, United States District Judge**.

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge RECOMMENDS that defendants' motions to dismiss (Docs. 36, 40) be **GRANTED**, that this action be DISMISSED for failure to exhaust administrative remedied as required under 42 U.S.C. § 1997e(a), that any appeal NOT be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and that acceptance and adoption of this Report and Recommendation (R&R) constitute the FINAL JUDGMENT in this action.

## I. INTRODUCTION AND BACKGROUND

Plaintiff was a prisoner in the Northeast Correctional Complex (NECX) in Mountain City, Tennessee on March 7, 2012 when he brought this *pro se* action under 42 U.S.C. § 1983.[1] The court granted plaintiff's application to proceed *in forma pauperis* on March 12, 2012. (Docs. 2, 5) The District Judge referred this case to the Magistrate Judge the same day. (Doc. 5, p. 3)

This action arises from the circumstances surrounding an assault on plaintiff by another

---

[1] It appears from the record that plaintiff is no longer at NECX. Plaintiff's subsequently obtained counsel, discussed on p. 2, notes later in the record that "[p]laintiff has been discharged from state penal facilities in Tennessee, and remanded to state penal facilities in Kentucky." (Doc. 44, ¶ II.A, p. 3)

inmate on the morning of October 26, 2011 while plaintiff was incarcerated in the South Central Correctional Facility (SCCF). (Doc. 1, ¶ IV, p. 4) Plaintiff suffered a fractured skull, required surgery, needed two steel plates in his head, and was hospitalized at the DeBerry Special Needs Facility in Nashville for 42 days. (Doc. 1, ¶ IV, p. 4)

Plaintiff admits in his complaint that he did not present the alleged facts that gave rise to this action to prison officials through the Tennessee Department of Correction (TDOC) grievance procedure. (Doc. 1, ¶¶ II.B, p. 2) Plaintiff explained his failure to exhaust his administrative remedies as follows: "When I cam[e] to my senses after surgery at DeBerry Special Needs Facility, I was told the time limit for grievance had expired." (Doc. 1, ¶ II.D, p. 3)

The original defendant to this action was Carolyn Jordan, the TDOC Liaison Officer at SCCF. Defendant Jordan filed an answer to the complaint on July 20, 2012. (Doc. 22) In her answer, defendant Jordan raised several affirmative defenses, including that "[p]laintiff failed to properly exhaust all administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA")." (Doc. 22, ¶ 2, p. 3)

Attorney William J. Taylor filed a notice of appearance on September 21, 2012. (Doc. 29) Now represented by counsel, plaintiff no longer is proceeding *pro se* in this action.

Plaintiff filed an amended complaint on May 9, 2013 in which he named the following additional two defendants: CCA of Tennessee, LLC d/b/a Corrections Corporation of America, and Arvil Chapman, Warden at SCCF. (Doc. 32) Plaintiff incorporated and amplified the facts set forth in the original complaint in his amended complaint. (Doc. 32, ¶¶ II.11-18, pp. 3-4)

Defendant Jordan answered plaintiff's amended complaint on May 21, 2013. (Doc. 34) She once again raised the affirmative defense that "[p]laintiff failed to properly exhaust all administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA")." (Doc. 34, ¶ 5, p. 5)

Defendants Chapman and CCA filed a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P. on June 10, 2013. (Docs. 36-37) Defendants Chapman and CCA moved to dismiss arguing, *inter alia*, that: 1) plaintiff's claims against them are barred by the statute of limitations (Doc. 37, ¶ III.1, pp. 3-4); plaintiff failed to exhaust his administrative remedies prior to bringing this action as required under the PLRA (Doc. 37, ¶ II.2, pp. 4-6); plaintiff fails to state a claim under the Equal Protection Clause on which relief may be granted (Doc. 37, ¶ II.3, pp. 6-7).

On July 1, 2013, defendant Jordan filed a motion to dismiss under Rule 12(b)(6). (Docs. 40-41) Defendant Jordan argues that plaintiff's case should be dismissed because plaintiff did not exhaust his administrative remedies, and she is not liable under § 1983 under the doctrine of *respondeat superior*. (Doc. 41, ¶¶ I-II, pp. 2-5)

Plaintiff filed a response to defendants Chapman and CCA's motion to dismiss on September 5, 2013. (Docs. 43, 44) Plaintiff argues that the statute of limitations was tolled due to mental incapacity, as was plaintiff's requirement to exhaust. (Doc. 44, ¶¶ II.A-B, pp. 2-4) Plaintiff has not filed a response to defendant Jordan's motion to dismiss, and the time for him to do so has passed.

This matter is now properly before the court.

### III. ANALYSIS

#### A. Standard of Review

In assessing a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)(internal quotation and citation omitted). Review under Rule 12(b)(6) is limited to the petition and the

documents attached thereto. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).

**B. Exhaustion**

The PLRA provides that "'[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011)(quoting 42 U.S.C. § 1997e(a)). The exhaustion requirement of § 1997e(a) is "mandatory." *Jones v. Bock*, 549 U.S. 199, 211 (2007). "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available . . . even when the state cannot grant the particular relief requested . . . and 'even where [the prisoners] believe the procedure to be ineffectual or futile . . . .'" *Napier*, 636 F.3d at 222 (citations omitted). There are no futility or other exceptions to the exhaustion requirement under the PLRA. *Booth v. Churner*, 532 U.S. 731, 741 & n. 6 (2001)("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise . . . ."); *see e.g., Cox v. Mayer*, 332 F.3d 422, 425, 427-428 (6th Cir. 2003)(exhaustion requirement applied to a former prisoner who filed his complaint without exhausting his administrative, but has since been released from custody).

Plaintiff admits that he had not exhausted his administrative remedies when he filed his complaint on March 7, 2012. (Doc. 1, ¶ II.B, p. 2) His reason, as noted at p. 2, was as follows: "When I cam[e] to my senses after surgery at DeBerry Special Needs Facility, I was told the time limit for grievance had expired." The law is unambiguous – a prisoner plaintiff's subjective belief that efforts to exhaust his administrative remedies would be "futile" do not negate the requirement under the PLRA that he do so.

4

Plaintiff argues in his response to the motion to dismiss filed by defendants Chapman and CCA that he was not required to exhaust his administrative remedies for reasons of diminished mental capacity. (Doc. 44, ¶ II.B, p. 3) Assuming for the sake of argument that diminished mental capacity excuses the requirement that a prisoner exhaust his administrative remedies prior to filing suit in federal court, the record does not support plaintiff's diminished capacity argument.

As already noted, plaintiff asked about filing a grievance when he came to his "senses after surgery at DeBerry . . . ." Although it cannot be determined when plaintiff actually "cam[e] to [his] senses after surgery" the following may nevertheless be inferred from plaintiff's statement: 1) he was aware of the existence of the TDOC grievance procedure prior to filing his complaint; 2) he was aware prior to filing the complaint that the TDOC grievance procedure applied to him; 3) he was sufficiently aware of the requirement prior to filing his compliant that he inquired about filing a grievance; 4) he was sufficiently aware of the mandatory nature of the TDOC grievance procedure prior to filing his complaint that he blamed prison officials for his failure to comply in his complaint. The foregoing support the conclusion that plaintiff's failure to exhaust his administrative remedies was not due to diminished mental capacity, but due to his decision not to file because he "was told the time limit for grievance had expired." Again, plaintiff's subjective belief that his efforts to exhaust would be futile do not excuse the requirement that he do so. This argument is without merit.

Finally, citing *Jones v. Bock*, plaintiff argues that "[t]he Supreme Court concluded that exhaustion be used as an affirmative defense, as opposed to a ground for dismissal," and that "it does not follow that dismissal of the Amended Complaint is warranted for such failure." (Doc. 44, ¶ II, B, p. 3-4) Plaintiff misreads/misconstrues the Court's ruling.

*Jones v. Bock* overruled the Sixth Circuit's prior "total exhaustion" rule, holding that "total exhaustion" constituted a heightened pleading requirement that was not required under the PLRA.

5

In the process, the Court also held that "failure to exhaust" was an affirmative defense, and that failure to exhaust did not constitute grounds for *sua sponte* dismissal on initial review for cases brought under the PLRA. *Jones v. Bock* does not, and never has, stood for the proposition that failure to exhaust does not constitute grounds for dismissal when, as here, failure to exhaust has been raised as an affirmative defense. This argument is without merit as well.

The record shows that plaintiff failed to exhaust his administrative remedies prior to bringing this action in federal court. The three defendants all have asserted an affirmative defense to that effect. For the reasons explained above, plaintiff's complaint should be dismissed for failure to exhaust administrative remedies as required under the PLRA.

### C. Plaintiff's Constitutional Claims

As explained above, this case is subject to dismissal for failure to exhaust administrative remedies. Therefore, it is not required to address plaintiff's constitutional claims on the merits.

### IV. RECOMMENDATIONS

For the reasons stated above, the Magistrate Judge RECOMMENDS that defendants' motions to dismiss (Docs. 36, 40) be **GRANTED**, that this action be DISMISSED for failure to exhaust administrative remedied as required under 42 U.S.C. § 1997e(a), that any appeal NOT be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and that acceptance and adoption of this R&R constitute the FINAL JUDGMENT in this action.

Under Rule 72(b), Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver

of further appeal of this R&R.  *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 12th day of November, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge